FILED

AUG 8 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MYKAL S. RYAN,<br><br>              Plaintiff - Appellant,<br><br>   v.<br><br>LEE M. QUICK, individually and as attorney; et al.,<br><br>              Defendants - Appellees. | No. 12-57285<br><br>D.C. No. 3:11-cv-00685-JAH-KSC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted July 22, 2014[**]

Before:     GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Mykal S. Ryan appeals pro se from the district court's judgment dismissing

his state law defamation action.  We have jurisdiction under 28 U.S.C. § 1291.  We

review for an abuse of discretion a district court's interpretation and application of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

its local rules. *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007). We affirm.

The district court did not abuse its discretion by rejecting Ryan's post-judgment motion for reconsideration for failure to comply with the local rules. *See Bias*, 508 F.3d at 1223; *see also Delange v. Dutra Constr. Co.*, *Inc.*, 183 F.3d 916, 919 n.2 (9th Cir. 1999) (per curiam) (district courts enjoy "broad discretion in interpreting and applying their local rules" (citation and internal quotation marks omitted)).

We lack jurisdiction to address Ryan's challenges to the district court's judgment and vexatious litigant order because Ryan failed to file a timely notice of appeal or a timely post-judgment tolling motion. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days of final judgment); *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement," and "this Court has no authority to create equitable exceptions[.]"); *Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1462 (9th Cir. 1992) (an untimely post-judgment motion does not toll the time to file an appeal of the underlying judgment).

We reject Ryan's contentions regarding alleged judicial bias.

12-57285

We do not consider arguments raise for the first time on appeal, including any arguments related to Lee M. Quick who is not a party to the action. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED**.